UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ZELYIA M. CALDWELL and )
MARCIA Y. MCMAHAN, on behalf of a Minor, )
X.E.C., )
 )
       Plaintiffs, )
 ) No. 3:13-CV-552
v. ) (COLLIER/GUYTON)
 )
KNOX COUNTY BOARD OF EDUCATION, )
*Et al.*, )
 )
       Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

In the Order entered September 24, 2013, [Doc. 3], the Court denied the Plaintiffs' request to seal the filings in this case. The Court advised the Plaintiffs that their proposed filings would only be held under seal until October 7, 2013. On September 30, 2013, the Plaintiffs filed two additional motions asking the Court to revisit its decision. These motions are styled: "Motion for Clarification of Court Order Local Rule 26.2 – Sealed Documents" [Doc. 7] and "Motion for Reconsideration of Possibility Under Pseudonyms, Rule 10(a) Federal Rule if Not, Anonymous" [Doc. 8]. For the reasons stated herein, both the Motion for Clarification and the Motion for Reconsideration will be **DENIED.**

A. **"Motion for Clarification of Court Order Local Rule 26.2 – Sealed Documents"**

In their Motion for Clarification, the Plaintiffs move the Court to clarify its ruling that the Plaintiffs have not shown good cause for sealing the documents in this case under Local Rule 26.2. The Court finds that the previous Order speaks for itself, and to the extent the Plaintiffs wish to review the Local Rules, they are available at: http://www.tned.uscourts.gov/docs/localrules.pdf. The Court finds that the Plaintiffs have not shown good cause for the Court to clarify its previous ruling, and therefore, the Motion for Clarification **[Doc. 7]** is **DENIED**.

B. **"Motion for Reconsideration of Possibility Under Pseudonyms, Rule 10(a) Federal Rule if Not, Anonymous"**

In their Motion for Reconsideration, the Plaintiffs move the Court to reconsider the Court's previous Order [Doc. 3] and to allow the Plaintiffs to use pseudonyms in their filings. The Court will address each of these requests in turn.

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004) (citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)). Traditionally, courts will reconsider orders when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 Fed. App'x at 959 (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

With regard to the request to reconsider, the Court finds that the Plaintiffs have not demonstrated that an intervening change in controlling law has occurred, nor have they demonstrated that new evidence is available. The Plaintiffs appear to argue that the Court should reconsider its prior ruling in order to prevent manifest injustice. Plaintiffs' conclusory

statements that using the minor's name will not preserve his privacy interest are not sufficient to find manifest injustice. Moreover, the Plaintiffs' general statements that the minor may be subjected to retaliation are too general to support a finding of manifest injustice, especially where the Plaintiffs state that the minor is no longer enrolled at the Defendant school system. Accordingly, the Court finds that the Plaintiffs' request to reconsider is not well-taken.

To the extent that the requested use of pseudonyms constitutes a separate claim for relief, the Court finds that it is not well-taken. Rule 10 of the Federal Rules of Civil Procedure requires that the complaint state the names of all parties. Fed. R. Civ. P. 10(a). "In order to circumvent this requirement, it must be shown that the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties." Doe v. Warren County, 2013 WL 684423 (S.D. Ohio Feb. 25, 2013).[1] While such use may be appropriate in cases of sexual trauma to a minor or other tragic events, see, e.g., Hodge v. Hurley, 426 F.3d 368 (6th Cir. 2005), the Plaintiffs have not identified facts supporting the use of pseudonyms in this case, and the Federal Rules of Civil Procedure prescribe that the minor's initials should be used in such instances, see Fed. R. Civ. P. 5.2(a). Accordingly, the Court finds that the Plaintiffs' request that the Court allow the use of pseudonyms is not well-taken.

Because the Court finds that the Plaintiffs' request for reconsideration and the request for the use of pseudonyms are not well-taken, the Motion for Reconsideration **[Doc. 8]** is **DENIED**.

---

[1] The cases cited by Plaintiffs reiterate the strong preference against using pseudonyms. See Doe v. Ind. Black Expo, Inc., 923 F. Supp. 137, 142 (S.D. Ind. 1996) ("The plaintiff's asserted needs for proceeding under a fictitious name are understandable but are not sufficient to overcome the strong presumption in favor of requiring parties to sue using their true names. There is no issue here of physical safety or retaliation.").

**C.     Conclusion**

In sum and for the reasons stated herein, the "Motion for Clarification of Court Order Local Rule 26.2 – Sealed Documents" **[Doc. 7]** and "Motion for Reconsideration of Possibility Under Pseudonyms, Rule 10(a) Federal Rule if Not, Anonymous" **[Doc. 8]** are **DENIED**.

**IT IS SO ORDERED**.

ENTER:

　/s H. Bruce Guyton
United States Magistrate Judge