UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ZELYIA M. CALDWELL, *et al.*,           )
                                         )
    Plaintiffs,                          )    Case No. 3:13-cv-552
v.                                       )
                                         )    Judge Curtis L. Collier
KNOX COUNTY BOARD OF                     )
EDUCATION, *et al.*,                     )
                                         )
    Defendants.                          )

## **M E M O R A N D U M**

Before the Court are two motions to dismiss a Title VI retaliation claim brought by *pro se* Plaintiffs Zelyia Caldwell and Marcia McMahan, who bring this claim on behalf of X.E.C., a minor and Plaintiffs' son and grandson, respectively.[1] Defendants Knox County Board of Education ("the Board"), Dr. James P. McIntyre, Jr. ("McIntyre"), and Tom Brown ("Brown") (collectively, "State Defendants") move to dismiss Plaintiffs' complaint for failure to state claim (Court File No. 28). Additionally, Defendant U.S. Department of Education ("DOE") moved to dismiss Plaintiffs' claims against it for lack of subject matter jurisdiction (Court File No. 40). Plaintiffs responded to both motions (Court File Nos. 31, 42). For the following reasons, the Court will **GRANT** both motions to dismiss (Court File Nos. 28, 40).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The complaint in this case is somewhat difficult to decipher. According to the complaint, beginning on June 28, 2011, Plaintiffs filed administrative actions in the DOE's Office of Civil Rights ("OCR") alleging that X.E.C. has suffered race discrimination in the Knox County school

---

[1] State Defendants also filed two motions to strike (Court File Nos. 26, 33), seeking to strike paragraphs of the complaint as well as a proposed redacted complaint. Because the Court concludes dismissal is appropriate regardless, it will **DENY** these motions as **MOOT** (Court File Nos. 26, 33).

system. As a result of these administrative actions, Plaintiffs claim they have been "experiencing [an] unexpected, unwanted an[d] annoying escalation of e-mails being sent from this District fusion." In addition to the emails, Plaintiffs claim they have received a number of unwanted phone calls from various phone numbers. Plaintiffs rarely describe the content of the emails or the phone calls, and it appears from the complaint that they do not know who actually called them but assume it was someone affiliated with the Knox County school system.[2]

In one instance, someone from Holston Middle School called while McMahan was on the telephone. When McMahan returned the phone call, a secretary, Karen, asked whether McMahan had a student attending Holston. McMahan told Karen that the student (X.E.C.) had withdrawn. Karen then apologized and informed McMahan she would ensure that Plaintiffs would not be called again. The rest of the calls were from other area codes and were missed for various reasons, but Plaintiffs allege they must have come from Holston Middle School. Plaintiffs do allege one phone call was answered and the caller was a child with a "sluggish" voice who sounded like he was "reading a script." Before the call ended, a man's voice loudly said "radio." Plaintiffs apparently contacted the school about these phone calls and administrators assured them no one should have access to their personal phone numbers.

Plaintiffs describe these acts as "adverse action" and their complaint is replete with similar legalese and vague allegations of wrongdoing. The complaint contains repetitive and redundant allegations of unwanted and harassing phone calls and emails. The complaint also refers repeatedly to "Non Responsive," without describing who or what the term is meant to represent. In their

---

[2] They also allege that a Choir Director sent Caldwell "an inappropriate porn e-mail," although they also indicate their desire not to "move forward" with this allegation.

2

response brief, Plaintiffs state, "'Non responsive' refers to unnamed witnesses who are part of previous investigations conducted by OCR." According to the complaint, Brown and McIntyre, Principal of Holston Middle School and Superintendent of Knox County Schools respectively, were responsible for "protecting" X.E.C., but from what and how they failed to do so is not discussed. Plaintiffs also allege that Brown did not ensure that X.E.C.'s "Permanent School record was secured," apparently because someone obtained Plaintiffs' home number from it (hence the harassing phone calls). Additionally, Plaintiffs allege they were denied access to X.E.C.'s school records, and that this denial constitutes a violation of the Family Educational Rights and Privacy Act ("FERPA"). 20 U.S.C. § 1232g. This is apparently related to the administrative actions filed with the OCR. Plaintiffs allege other conduct at the OCR hearings but do not discuss the substance of the complaints.

With respect to actual causes of action, Plaintiffs allege that the Board is liable under Tenn. Code Ann. § 10-7-504(a)(4) and FERPA as well as the "Use of Technology, Knox County District Employee Handbook." They allege McIntyre and Brown are liable as well, apparently for negligence. They also assert that the matter arises under Title VI of the Civil Rights Act of 1964, 34 C.F.R. § 100.7(e), § 504 of the Rehabilitation Act of 1973, the First Amendment, and the Freedom of Information Act. The gist of their complaint, however, is that they were retaliated against for filing race discrimination complaints with the OCR.

Plaintiffs filed their complaint, a motion to seal the case, a sealed motion for subpoenas, and a motion for counsel on September 17, 2013. The Magistrate Judge denied the motion to seal (Court File No. 3), and Plaintiffs later sought clarification and reconsideration (Court File Nos. 7, 8). After the Magistrate Judge denied reconsideration (Court File No. 9), Plaintiffs moved to withdraw some

sealed documents, which the Magistrate Judge allowed (Court File No. 12). Shortly after making appearances, Defendants filed the instant motions.

## II. STATE DEFENDANTS' MOTION TO DISMISS

### A. Standard of Review

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

4

U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Discussion

Like State Defendants, the Court had some difficulty discerning what actual causes of action Plaintiffs are asserting. Regardless, the Court concludes that State Defendants' motion must be granted. Plaintiffs' claim under Tenn. Code Ann. § 10-7-504(a)(4) must be dismissed because Plaintiffs have not alleged that any protected information was disclosed. Section 10-7-504(a)(4) provides

> [t]he records of students in public educational institutions shall be treated as confidential. Information in such records relating to academic performance, financial status of a student or the student's parent or guardian, medical or psychological treatment or testing shall not be made available to unauthorized personnel of the institution or to the public or any agency . . . . Statistical information not identified with a particular student may be released to any person, agency, or the public; and information relating only to an individual student's name, age, address, dates of attendance, grade levels completed, class placement and academic degrees awarded may likewise be disclosed.

The only information Plaintiffs allege has been disclosed is their home phone number. This is not information "relating to academic performance, financial status of a student or the student's parent or guardian, medical or psychological treatment or testing." Nor is it clear that this section provides a private right of action. In the same vein, Plaintiffs' FERPA claim must be dismissed because FERPA does not create a private right of action. *See Bevington v. Ohio Univ.*, 93 F. App'x 748, 750 (6th Cir. 2004) ("[T]here is no private right of action under the FERPA.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002)). The Knox County District Employee Handbook also does not serve as the basis of a cause of action.

5

Plaintiffs also bring a retaliation claim under Title VI, which provides that no person shall be discriminated against on the basis of race under any program receiving federal funds. 42 U.S.C. § 2000d; *see also* 34 C.F.R. 100.7(e) ("No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part."). Plaintiffs apparently allege these harassing phone calls and emails were made or sent in retaliation for filing discrimination complaints with the DOE. To make a retaliation claim, Plaintiffs must prove "(1) [they] w[ere] engaging in a protected activity; (2) the funded entity subjected [them] to an adverse action after or contemporaneously with the protected activity; and (3) a causal link between the adverse action and the protected activity." *Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 522 (3d Cir. 2011) (citing *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003)).

The Court agrees with State Defendants that Plaintiffs has not alleged any "adverse action." Typically, an adverse action is something severe enough to chill or dissuade a reasonable person from engaging in whatever protected activity the plaintiff performed. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 396-97 (6th Cir. 1999) (discussing adverse action in the First Amendment context); *Morales v. NYS Dep't of Labor*, 865 F. Supp. 2d 220, 255-56 (N.D.N.Y. 2012) ("An 'adverse action' in the context of a Title VI or Title VII retaliation claim is an action that would 'dissuade[ ] a reasonable worker from supporting a charge for discrimination,' as distinct from 'trivial harms' such as 'those petty slights or minor annoyances that often take place at work that all employees experience.'") (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006)). The alleged emails and occasional phone calls (the majority of which, it must be noted, Plaintiffs have

6

failed to connect to the school district in any plausible way), are simply the type of "trivial harm" or "minor annoyance[]" that does not constitute an adverse action. *Burlington*, 548 U.S. at 67-68. And at least one circuit court has found more severe retaliatory conduct that was more clearly connected to the plaintiff's protected activity insufficient to constitute an adverse action in the Title VI context. *See Whitfield*, 412 F. App'x at 522 (affirming the district court's conclusion that "several instances of allegedly retaliatory action, including the intimidating statements and false accusations made by A.R.'s classmates, as well as her religion teacher's comment that she should not tell lies" did not constitute an adverse action). Thus the Court concludes Plaintiffs have failed to allege facts supporting a retaliation claim.

Plaintiffs' other claims must also be dismissed. Their Rehabilitation Act claim fails because they have not alleged any disability for which they suffered discrimination. *See* 29 U.S.C. § 794. Similarly, to the extent they assert their retaliation claim under the First Amendment, they have not adequately alleged they suffered any adverse action. *See Thaddeus-X*, 175 F.3d at 396-97 (discussing the adverse action showing in the First Amendment context). Although Plaintiffs' mention the Freedom of Information Act offhand, they only mention it in the context of the OCR proceedings. As discussed below, however, the Court lacks subject matter jurisdiction to consider Plaintiffs' challenges, to the extent they assert any, to the administrative procedures. Finally, Plaintiffs have alleged few facts relevant to McIntyre or Brown other than their official positions. This inadequacy dooms any potential claim Plaintiffs' seek to bring against McIntyre or Brown as individuals. To the extent they sue McIntyre and Brown in their official capacity, that suit is equivalent to a suit against the Board and fails for the reasons discussed above.

For these reasons, the Court concludes Plaintiffs have failed to state a claim against State

Defendants. The Court will **GRANT** State Defendants' motion to dismiss.

## III. DOE'S MOTION TO DISMISS

### A. Standard of Review

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1), which addresses whether the district court has subject matter jurisdiction over the plaintiff's claims. Under Rule 12(b)(1), a defendant may challenge this Court's subject matter jurisdiction through a facial attack or a factual attack. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States* , 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack "questions merely the sufficiency of the pleading." *Id*. A court must take the allegations in the complaint to be true when reviewing a facial attack. *Id*. On the other hand, where there is a factual attack, the Court must weigh conflicting evidence provided by the plaintiff and the defendant to determine whether subject matter jurisdiction exists. *Id*. Such evidence can include, and is not limited to, "affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id*. The party asserting that subject matter jurisdiction exists has the burden of proof. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007).

### B. Discussion

The complaint says very little about why the DOE is listed as a defendant. The DOE filed a motion to dismiss, arguing that no provision of Title VI provides for judicial review of the OCR proceedings and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., also does not provide for such review. Accordingly, the DOE argues the Court has no jurisdiction to consider the adequacy of its proceedings. Plaintiffs' do not respond coherently to the DOE's legal argument, but clarify that they seek to challenge the adequacy of the OCR investigation of one of their complaints

8

of racial discrimination.

The Court agrees that it lacks jurisdiction to review the OCR's administrative investigation. "The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997) (quoting 5 U.S.C. § 704). Although Plaintiffs do not cite it, the APA does contain a waiver of sovereign immunity. *See* 5 U.S.C. § 702. The APA provides that

> [a]n action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . . *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.

5 U.S.C. § 702. The Sixth Circuit has recognized § 702 as a general waiver of sovereign immunity. *United States v. City of Detroit*, 329 F.3d 515, 521 (6th Cir. 2003). However, the waiver is limited by exceptions, one of which is that "a federal district court may only review '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" *Beamon*, 125 F.3d at 967 (quoting 5 U.S.C. § 704). *See also Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006) ("To state a claim for relief under the APA, a plaintiff must allege that his or her injury stems from a final agency action for which there is no other adequate remedy in court.").

Plaintiffs identify no provision of Title VI providing for judicial review of the OCR proceedings. And, as a number of courts have found, plaintiffs in the Title VI context have an adequate remedy in a court, which precludes judicial review of the OCR proceedings: they can sue the alleged wrongdoer directly. *See, e.g.*, *Washington Legal Found. v. Alexander*, 984 F.2d 483, 486

9

(D.C. Cir. 1993) ("[A]n adequate remedy is available to appellants, and we therefore conclude that appellants have no cause of action under the APA for the discrimination alleged."); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 191-92 (4th Cir. 1999) ("[W]e think that [the] direct remedy against funding recipients is not only 'adequate,' but, as the Supreme Court recognized, is preferable to a direct suit against the agency itself."); *Sherman v. Black*, 510 F. Supp. 2d 193, 198 (E.D.N.Y. 2007) ("This right of action [under Title VI] is adequate to redress his claims of alleged discrimination and therefore precludes a remedy under the APA."). In fact, in Plaintiffs' response brief, they acknowledge that this action is only about "Harassment/Retaliation" and they "have not exhausted all avenues of [their] Race Discrimination and Primary Retaliation" (Court File No. 42, Plaintiffs' Response, pp. 10-11). One of these remaining "avenues"—a direct Title VI suit—precludes review of the OCR proceedings under the APA. And to the extent this suit is meant as that direct suit, it fails for the reasons discussed above.

Because Plaintiffs have an adequate remedy, the Court may not review the OCR's investigation of their complaint under the APA. Without an independent waiver of sovereign immunity, the Court lacks jurisdiction to consider Plaintiffs' claim against the DOE. Accordingly, the Court will **GRANT** the DOE's motion to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants motions to dismiss (Court File Nos. 28, 40).

**An Order shall enter.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
